**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000497**
**10-DEC-2012**
**08:18 AM**

NO. CAAP-12-0000497

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WAIANAE COMMUNITY DEVELOPMENT PROJECT ASSOCIATION,
by its Board of Directors, Plaintiff-Appellee,
v.
ROBERT K.R. QUARTERO, et al., Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2612-10)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Defendant/Cross-Claim Defendant/Counterclaim-Plaintiff/Appellant Robert Quartero (Appellant Quartero) has asserted from the Honorable Bert Ayabe's March 22, 2012 judgment on the decree of foreclosure, because Appellant Quartero's May 16, 2012 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Immediately upon entry, the March 22, 2012 judgment on the decree of foreclosure was appealable pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(1) (Supp. 2011), and, thus, triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal. However, Appellant Quartero did not file his May 16, 2012 notice of appeal within thirty days after entry of the March 22, 2012 judgment on the decree of foreclosure, as HRAP Rule 4(a)(1) required. Although Appellant Quartero claims in his May 16, 2012 notice of appeal that he did not receive the March 22, 2012 judgment on the decree of foreclosure until April 17, 2012, the record shows, to the contrary, that the circuit court clerk filed a notice of entry of judgment that states that the circuit court clerk mailed a copy of the notice and a certificate of service that states that plaintiff's counsel mailed a copy of the March 22, 2012 judgment on the decree of foreclosure to each defendant at each defendant's address of record on or about March 22, 2012. Furthermore, Rule 77(d) of the Hawai'i Rules of Civil Procedure (HRCP) specifically provides that any

> [l]ack of notice of the entry by the clerk or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawai'i Rules of Appellate Procedure.

(Emphases added). When analyzing HRCP Rule 77(d), the Supreme Court of Hawai'i has stated the following:

> Although HRCP Rule 77(d) specifically refers to HRAP Rule 4(a) as providing the only relief for a party's failure to timely file a notice of appeal, nothing in Rule 77(d) suggests that the failure of the clerk to timely notify the parties of the entry of judgment could excuse a party's neglect. A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that

-2-

judgment has been entered does not provide grounds for
excusable neglect or warrant an extension of time.

Enos v. Pacific Transfer & Warehouse, Inc., 80 Hawai'i 345, 353, 910 P.2d 116, 124 (1996) (citation and internal quotation marks omitted). Therefore, Appellant Quartero's May 16, 2012 notice of appeal was untimely under HRAP Rule 4(a)(1) as to the March 22, 2012 judgment on the decree of foreclosure.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, we lack appellate jurisdiction over Appellant Quartero's appeal in this case. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000497 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 10, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-